WILLIAM R. BRENSKE, ESQ.
Nevada Bar No. 1806
JENNIFER R. ANDREEVSKI, ESQ.
Nevada Bar No. 9095
RYAN D. KRAMETBAUER, ESQ.
Nevada Bar No. 12800
LAW OFFICE OF WILLIAM R. BRENSKE
630 South Third Street
Las Vegas, NV 89101
Email wbrenske@hotmail.com
Telephone No.: (702) 385-3300
Facsimile No.: (702) 385-3823
*Attorney for Plaintiffs,*
*Melinda Booth Dogra*
*and Jay Dogra*

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA BOOTH DOGRA, as Assignee of the Claims of SUSAN HIROKO LILES; JAY DOGRA, as Assignee of the Claims of SUSAN HIROKO LILES; | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| | **[Demand for Jury]** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; | |
| Defendant. | |

## JURISDICTION AND VENUE

1.     The plaintiff, Melinda Booth Dogra, as Assignee of the Claims of Susan Hiroko Liles, is a citizen of the State of California.

2.     The plaintiff, Jay Dogra, as Assignee of the Claims of Susan Hiroko Liles, is a citizen of the State of California.

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

3.     The defendant, Liberty Mutual Fire Insurance Company, is a corporation organized and existing under the laws of the State of Massachusetts with a principal place of business in Boston, Massachusetts.  Liberty Mutual Fire Insurance Company is authorized to do business in the State of Nevada and the State of California.

4.     This Court can exercise jurisdiction over the subject matter of this lawsuit pursuant to the provisions of 28 U.S.C. § 1332, in that plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

5.     Venue is proper pursuant to 28 U.S.C. § 1391.

6.     The judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs claims against Defendant occurred in the District of Nevada and the judgments held by Plaintiffs are Nevada judgments.

## COMPLAINT

## GENERAL ALLEGATIONS

7.     Plaintiffs incorporate paragraphs 1 through 6 of this Complaint as though set forth herein.

8.     On, or prior to, September 27, 2007, Defendant, Liberty Mutual Fire Insurance Company, issued an automobile liability policy, Policy Number: A02-268-359603-10 7 7 (hereinafter "the policy"), listing Susan Hiroko Liles, Jane Liles, and Robert Liles as named-insureds (hereinafter "the insureds") and providing automobile liability coverage to them in the amount of $100,000.00 per person / $300,000.00 per incident.  The effective period for the policy was September 27, 2007 to September 27, 2008.

9.     All premiums due under the policy were timely paid.

10.     On August 22, 2008, while driving a vehicle insured under the policy, Susan Hiroko Liles was involved in a multi-vehicle automobile collision near Sloan in Clark County, Nevada.

11.     At the time of the August 22, 2008 collision, Susan Hiroko Liles was driving northbound on the I-15, when she failed to maintain her lane and collided with a vehicle driven by Ronald Medina in the adjacent lane on northbound I-15.  The force of that impact caused Mr. Medina to lose control of his vehicle and flip over the center divider of the freeway, directly on top of a vehicle driven southbound on the I-15 freeway by Melinda Booth Dogra.

12.     While still at the scene of the collision, Liberty Mutual Fire Insurance Company conducted a telephone interview of Susan Hiroko Liles and other people she was traveling with on the day of the collision.  During that conversation Liberty Mutual Fire Insurance Company learned a three car collision occurred and it was severe enough that Ms. Liles' vehicle was not driveable.  It was also relayed that the occupants of the other vehicles possibly needed to be transported to the hospital.

13.     After the insured vehicle was inspected on August 25, 2008, the insured vehicle was deemed a total loss by Defendant Liberty Mutual Fire Insurance Company.

14.     Following the collision, the insureds informed Defendant Liberty Mutual Fire Insurance Company that Susan Hiroko Liles believed there may have been a defect in the insured vehicle that caused her to lose control of the vehicle in the August 22, 2008 automobile collision.

15.     Before signing the forms to transfer the title of the totaled vehicle to Defendant Liberty Mutual Fire Insurance Company, the insureds requested Defendant Liberty Mutual Fire Insurance Company to perform an inspection of the totaled vehicle.  Defendant Liberty Mutual Fire Insurance Company agreed to this request and the insureds signed the title of the vehicle over to Defendant Liberty Mutual Fire Insurance Company.

16.     On or about September 15, 2008, Defendant Liberty Mutual Fire Insurance Company hired Brian Jones of Elliott & Jones to inspect the totaled vehicle.  Mr. Jones prepared a brief report noting he found no defects in the steering mechanism of the vehicle during his inspection on

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

September 30, 2008.  Thereafter, Defendant Liberty Mutual Fire Insurance Company allowed the vehicle to be destroyed, sold, or otherwise transferred out of its possession and/or control.

17.     Prior to the date Defendant Liberty Mutual Fire Insurance Company allowed the vehicle to be destroyed, sold, or otherwise transferred out of its possession and/or control, it knew or should have known the liability claims against its insured from the August 22, 2008 collision were likely to exceed the liability policy limits.

18.     On or about October 17, 2008, Defendant Liberty Mutual Fire Insurance Company received written notice via facsimile from Attorney Gerald McDermott, indicating he had been retained to represent the interests of Melinda Booth Dogra, her passengers: Sethany Dogra and Jill Cannon, and her husband: Jay Dogra (aka "Jagdish Dogra") for damages they had sustained in the August 22, 2008 collision.  In his letter, Mr. McDermott informed Liberty Mutual Fire Insurance Company that Ms. Melinda Dogra sustained severe injuries in the collision, including a traumatic brain injury, spinal cord injury, and left hemiparesis.  He also noted Sethany Dogra and Jill Cannon were injured in the collision.

19.     Without depositing any monies with the court or otherwise attempting to effectuate a settlement with any of the injured claimants, on November 25, 2008, Liberty Mutual Fire Insurance Company filed an Interpleader action in the Eighth Judicial District Court for Clark County, Nevada, Case No. A576575, naming Jessica Flores, Melinda Hespen, Ronald Medina, Melinda Booth Dogra, Jay Dogra, Jill Cannon, and Sethany Dogra as defendants.  The insureds were not named as parties in the Interpleader Complaint.

20.     Prior to filing the above-referenced Interpleader action, Liberty Mutual Fire Insurance Company did not attempt to enter into any settlement negotiations on behalf of their insureds with any of the claimants listed as Defendants in the Interpleader Complaint, including Melinda Booth Dogra and Jay Dogra.

21.     In the Interpleader Complaint, Case No. A576575, Defendant Liberty Mutual Fire Insurance Company requested the Court to: 1) require the named defendants in the Interpleader Complaint to interplead and settle between themselves their rights to the money available under the policy; and 2) discharge Liberty Mutual Fire Insurance Company from all liability except to the extent of the liability policy.

22.     Liberty Mutual Fire Insurance Company hired William H. Pruitt, Esq. and Cherie E. Fletter, Esq. of the law firm of Barron & Pruitt, LLP to file the above-referenced Interpleader Complaint, Case No. A576575 on its behalf.

23.     On January 26, 2009, Attorney J.R. Crockett, Jr. of the law firm of Crockett & Myers filed an Answer to the above-referenced Interpleader Complaint, Case No. A576575, on behalf of Melinda Booth Dogra and Jay Dogra.  Mr. Crockett did so after Melinda Booth Dogra and Jay Dogra retained him to obtain the one per person liability policy limit of $100,000.00 from Ms. Liles on their behalf.  In the Answer, Melinda Booth Dogra and Jay Dogra requested that the Court require Liberty Mutual Fire Insurance Company to deposit the entirety of the insureds' policy limits with the Court.

24.     On August 13, 2009, Liberty Mutual Fire Insurance Company requested updated medical records, bills, and liens from counsel for Melinda Booth Dogra and Jay Dogra, counsel for Jill Cannon, counsel for Sethany Dogra, and counsel for Ronald Medina and his passenger Jessica Flores by August 28, 2009.  At the time of that request, Defendant Liberty Mutual Fire Insurance Company had not yet deposited any monies with the Court representing the insureds' policy limits.

25.     On August 25, 2009, Liberty Mutual Fire Insurance Company sent a letter to all counsel for the defendants in the Interpleader action extending the deadline to produce the requested medical documents, bills, and liens until September 11, 2009.

26.     On September 2, 2009, Gerald McDermott responded in writing to Liberty Mutual Fire Insurance Company's August 13, 2009 letter indicating Ms. Dogra had been hospitalized at University Medical Center from August 22, 2008 through October 17, 2008 and at Rancho Los Amigos National Rehabilitation Center from October 17, 208 through November 12, 2008. Although he did not have the billing information for either of those in-patient stays, he documented $92,991.63 in other medical bills incurred up until that time.  Mr. McDermott also attached executed authorizations for Liberty Mutual Fire Insurance Company to obtain Melinda Booth Dogra's medical records and bills.

27.     On November 17, 2009, Liberty Mutual Fire Insurance Company filed a Motion for Summary Judgment and Disbursement of Funds in its Interpleader action, Case No. A576575.  In that motion, Liberty Mutual Fire Insurance Company failed to document the full extent of Melinda Booth Dogra's medical bills incurred up until that date and requested the Court to distribute the insureds' liability policy with limits of $100,000.00 per person and $300,000.00 per incident as follows:

| | |
|---|---|
| Ronald Medina: | $  25,500.00 |
| Melinda Booth Dogra: | $  76,500.00 |
| Jill Cannon: | $  28,500.00 |
| Sethany Dogra: | $    9,000.00 |
| Jessica Flores: | $ 160,500.00 |

28.     On December 4, 2009, Sethany Dogra filed an Opposition to Liberty Mutual Fire Insurance Company's November 17, 2009 Motion for Summary Judgment and Distribution of Funds.  Sethany Dogra opposed the motion on several grounds, including on the ground that Liberty Mutual Fire Insurance Company proposed giving more than $100,000.00 to a single individual contrary to the policy language.  Her pleading also contained a Countermotion requesting the Court to require Liberty Mutual Fire Insurance Company to deposit the insurance policy limits with the

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Court.  Melinda and Jay Dogra filed a Joinder to Sethany' Dogray's Opposition and Countermotion on December 9, 2009.

29.     On December 11, 2009, Ronald Medina and Jessica Flores filed a Joinder to Liberty Mutual Fire Insurance Company's November 17, 2009 Motion for Summary Judgment and Disbursement of Funds.

30.     On February 8, 2010, Liberty Mutual Fire Insurance Company filed a Reply arguing it should be released from the Interpleader as it was no longer a necessary party and adding it had "no qualms with the Court disbursing the funds as it sees fit."  As of that date, Liberty Mutual Fire Insurance Company had not deposited any monies from the insureds' liability insurance policy with the Court.

31.     On April 13, 2010, Liberty Mutual Fire Insurance Company filed a motion in the Interpleader action requesting the Court to direct it to deposit the insurance funds with the Court.  It also sought to be discharged from any liability in excess of the policy limits.  The Court granted Liberty Mutual Fire Insurance Company's request to require it to deposit the insurance funds with the Court at a hearing held on June 8, 2010 - 75 days before the two year anniversary of the collision.

32.     Liberty Mutual Fire Insurance Company did not deposit any of the insureds' liability policy funds with the Court during the 75-day period between the hearing on Liberty Mutual Fire Insurance Company's motion to deposit the funds with the Court and the two year anniversary of the automobile collision referenced above.

33.     On August 10, 2010, the Court held a Status Check in the Interpleader action filed by Liberty Mutual Fire Insurance Company.  At that time, counsel for Liberty Mutual Fire Insurance Company either erroneously represented to the Court that the liability policy limits had already been deposited with the Court or failed to correct the Court regarding its misunderstanding on this issue.

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

34.     At or following the August 10, 2010 hearing, Liberty Mutual Fire Insurance Company was informed by Attorney Anastasia Noe, that Melinda Booth Dogra and Jay Dogra had or were prepared to retain her should litigation be necessary.  Ms. Noe further informed Liberty Mutual Fire Insurance Company that Melinda Booth Dogra and Jay Dogra would not be willing to accept one per person policy limit of $100,000.00 in settlement against its insureds for damages they sustained in the August 22, 2008 collision if they were forced to file a lawsuit against Susan Hiroko Liles.  Ms. Noe requested Liberty Mutual Fire Insurance Company to deposit the insurance proceeds with the Court before the statute of limitations ran to obviate the need to institute litigation.

35.     On August 11, 2010, Liberty Mutual Fire Insurance Company issued checks representing the full policy limits under the insureds' policy but did not deposit them with the Court at that time.  In addition, prior to the running of the statute of limitations, Liberty Mutual Fire Insurance Company did not attempt to enter into settlement negotiations on behalf of its insureds with the persons injured in the collision, including Melinda Booth Dogra and Jay Dogra.

36.     Prior to instituting litigation, Melinda Booth Dogra and Jay Dogra were willing to accept $100,000.00 as full and final settlement for all claims they had against the insureds as a result of the August 22, 2008 motor vehicle collision; Jessica Flores was willing to accept $100,000.00 as full and final settlement for all claims she had against the insureds as a result of the August 22, 2008 motor vehicle collision; Jill Cannon was willing to accept $50,000.00 full and final settlement for all claims she had against the insureds as a result of the August 22, 2008 motor vehicle collision; Ronald Medina was willing to accept $30,000.00 as full and final settlement for all claims he had against the insureds as a result of the August 22, 2008 motor vehicle collision; and Sethany Dogra was willing to accept $20,000.00 as full and final settlement for all claims she had against the insureds as a result of the August 22, 2008 motor vehicle collision.

37.     Given the policy proceeds had not yet been deposited with the Court and in order to preserve the statute of limitations, on Tuesday, August 17, 2010, Melinda Booth Dogra and Jay Dogra filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A623268, against Susan Hiroko Liles, Jane Liles, and others seeking compensation for damages they incurred in the August 22, 2008 collision referenced above.

38.     Given the policy proceeds had not yet been deposited with the Court and in order to preserve the statute of limitations, on Wednesday, August 18, 2010, Ronald Medina and Jessica Flores filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A623396, against Susan Hiroko Liles and Jane Liles seeking compensation for damages they incurred in the August 22, 2008 collision referenced above.

39.     Given the policy proceeds had not yet been deposited with the Court and in order to preserve the statute of limitations, on Friday, August 20, 2010, Sethany Dogra filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A623626, against Susan Hiroko Liles, Jane Liles, and others seeking compensation for damages she incurred in the August 22, 2008 collision referenced above.

40.     Given the policy proceeds had not yet been deposited with the Court and in order to preserve the statute of limitations, on Monday, August 23, 2010, Jill Cannon filed a Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A623705, against Susan Hiroko Liles, Jane Liles, and others seeking compensation for damages she incurred in the August 22, 2008 collision referenced above.

41.     Liberty Mutual Fire Insurance Company retained the law firm of Barron & Pruitt, LLP to represent its insureds in the liability lawsuits asserted against them regarding damages incurred in the August 22, 2008 collision.

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

42.     On August 31, 2010, Liberty Mutual Fire Insurance Company deposited five separate checks with the Eighth Judicial District Court for Clark County, Nevada, in the amounts of $100,000.00, $100,000.00, $50,000.00, $30,000.00, and $20,000.00 representing the total amount of liability coverage available under the insureds' policy.

43.     On February 25, 2011, counsel for Melinda Booth Dogra and Jay Dogra sent a settlement offer in excess of policy limits to the attorneys who had been retained by Liberty Mutual Fire Insurance Company (Barron & Pruitt, LLP) to represent the insureds.  Susan Hiroko Liles was not advised of the offer.

44.     In May 2011, the Eighth Judicial District Court for Clark County, Nevada dismissed Jane Liles from all open claims indicating it did not have personal jurisdiction over her.  Susan Hiroko Liles remained a party to the open claims.

45.     On June 27, 2011, counsel for Melinda Booth Dogra and Jay Dogra sent an offer of judgment in excess of policy limits to the attorneys who had been retained by Liberty Mutual Fire Insurance Company (Barron & Pruitt, LLP) to represent the insureds.  The offers of judgment were not presented to Susan Hiroko Liles and the legal significance of failing to accept the offers was not explained to her by Liberty Mutual Fire Insurance Company or Liberty Mutual Fire Insurance Company's agent, Barron & Pruitt, LLP.

46.     As of June 25, 2012, all parties had settled their claims against Susan Hiroko Liles with the exception of Melinda Booth Dogra and Jay Dogra.  On that date, the parties selected a jury and gave at least a portion of their Opening Statements.  A mistrial was declared during defense counsel's Opening Statement due to multiple violations of Court Orders.

47.     On November 26, 2012, the parties selected a new jury and trial commenced regarding the claims of Melinda Booth Dogra and Jay Dogra against Susan Hiroko Liles.  Trial continued from day to day, and on December 3, 2012, the jury entered a verdict in favor of Melinda

Booth Dogra and against Susan Hiroko Liles in the amount of $2,750,978.43.  The jury also entered

a verdict in favor of Jay Dogra and against Susan Hiroko Liles in the amount of $40,000.00.

48.     On January 11, 2013, following post-trial motion work and based on the jury verdict

and a post-trial award of pre-judgment interest, a Judgment was entered against Susan Hiroko Liles

and in favor of Jay Dogra in the Eighth Judicial District Court, Case Number A623286, totaling

Forty Two Thousand Eight Hundred Forty Dollars and Seventy Five Cents ($42,840.75).

49.     On April 4, 2013, following post-trial motion work and based on the jury verdict,

post-trial motions, and a post-trial award of pre-judgment interest, a Judgment was entered against

Susan Hiroko Liles and in favor of Melinda Booth Dogra in the Eighth Judicial District Court, Case

Number A623286, totaling Two Million Nine Hundred Forty Five Thousand Six Hundred and Four

Dollars and Forty Eight Cents ($2,945,604.48).  This judgment was subsequently domesticated in

the State of California, where Susan Hiroko Liles resides.

50.     On February 25, 2013, Susan Hiroko Liles filed a Motion for Stay Pending Appeal

requesting the Eighth Judicial District Court to prohibit Melinda Booth Dogra and Jay Dogra from

seeking to collect the judgments entered on their behalf in exchange for payment of the $100,000.00

per person policy limit that had been allocated to Melinda Booth Dogra and deposited with the

Court on August 31, 2010.  After a hearing on March 15, 2013, an Order denying this motion was

entered on April 4, 2013.

51.     On April 10, 2013, Susan Hiroko Liles filed a Notice of Appeal of the Judgments

and Post-Trial Motions entered against her.  Liberty Mutual Fire Insurance Company retained the

law firms of Barron & Pruitt, LLP and Lewis Roca Rothgerber, LLP to represent Susan Hiroko

Liles in the appeal.

52.     On August 8, 2013, Susan Hiroko Liles, by and through her appellate attorneys listed

above, filed a voluntarily dismissal of her appeal.  Attached to the pleading was an affidavit signed

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

by Susan Hiroko Liles attesting that she understood she was giving up her rights to appeal the multi-million dollar judgments against her.

53.     On August 4, 2014, Susan Hiroko Liles transferred and assigned any rights or claims she  may have against Liberty Mutual Fire Insurance Company for each and every act and/or omission regarding its investigation, handing, defense, and/or payment of claims asserted by Melinda Booth Dogra and/or Jay Dogra against her as a result of the August 22, 2008 motor vehicle collision that was covered by her liability policy with Liberty Mutual Fire Insurance Company. (*See*, Assignment of Rights and Claims, attached hereto as Exhibit "1").

## FIRST CAUSE OF ACTION

(Breach of Contract)

54.     Plaintiffs incorporate paragraphs 1 - 53 of this Complaint as though fully set forth herein.

55.     Susan Hiroko Liles was a named insured under a liability insurance policy issued by Defendant Liberty Mutual Fire Insurance Company for liability coverage of $100,000.00 per person and $300,000.00 per collision.  All premiums due under the policy of insurance were paid.

56.     The contract of insurance, prepared by Liberty Mutual Fire Insurance Company, included the following terms (among many others):

A. We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident.  Damages include prejudgment interest awarded against the 'insured."  We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.  In addition to our limit of liability, we will pay all defense costs we incur.

B. In addition to our limit of liability, we will pay on behalf of an 'insured': Premiums on appeal bonds and bonds to release attachments in any suit we defend.

C. We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

1. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons or witnesses.

2. A person seeking any coverage must:

    a. Cooperate with us in the investigation, settlement or defense of any claim or suit. This includes, but is not limited to, allowing us to inspect damage to a vehicle covered by this policy;

    b. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

    c. Submit, as often as we reasonably require, within 30 days of our request:

        i. To interviews and recorded statements without the need for us to conduct an examination under oath;

        ii. To examination under oath and subscribe the same.

3. A person seeking Coverage for Damage to Your Auto must also:

    a. Take reasonable steps after loss to protect 'your covered auto' or any 'non-owned auto' and their equipment from further loss. We will pay reasonable expenses to do this.

    b. Permit us to inspect and appraise the damaged property before its repair or disposal.

D. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A [Liability Coverage], no legal action may be brought against us until:

1. We agree in writing that the 'insured' has an obligation to pay; or,

2. The amount of that obligation has been finally determined by judgment after trial.

E. The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for 'bodily injury' resulting from any one auto accident. The limit of liability shown in the Schedule or in the Declarations for each accident for Property Damage Liability is

our maximum limit of liability for all 'property damage' resulting from any one auto accident. This is the most we will pay regardless of the number of:

1.  'Insureds;'

2.  Claims made;

3.  Vehicles or premiums shown in the Declarations; or,

4.  Vehicles involved in the auto accident.

57.  Pursuant to her obligations under the contract of insurance, on August 22, 2008, Susan Hiroko Liles notified Liberty Mutual Fire Insurance Company promptly of how, when and where the August 22, 2008 accident or loss happened, including all known names and addresses of any injured persons or witnesses.

58.  Pursuant to her obligations under the contract of insurance, Susan Hiroko Liles further cooperated with Liberty Mutual Fire Insurance Company in the investigation, settlement or defense of the claims and suits asserted against her for the August 22, 2008 accident, including, but not limited to, allowing Liberty Mutual Fire Insurance Company to inspect the damage to her vehicle covered by the policy.

59.  Pursuant to her obligations under the contract of insurance, Susan Hiroko Liles promptly sent Liberty Mutual Fire Insurance Company copies of all notices and legal papers received in connection with the August 22, 2008 accident or loss.

60.  Pursuant to her obligations under the contract of insurance, Susan Hiroko Liles further submitted, as often as Liberty Mutual Fire Insurance Company required, within 30 days of the request, to: interviews and recorded statements without the need for Liberty Mutual Fire Insurance Company to conduct an examination under oath and/or examination under oath and subscribed the same.

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 - Fax (702) 385-3823

61.     Pursuant to her obligations under the contract of insurance, Susan Hiroko Liles took reasonable steps after loss to protect her covered auto and its equipment from further loss as a result of the August 22, 2008 accident.

62.     Pursuant to her obligations under the contract of insurance, Susan Hiroko Liles permitted Liberty Mutual Fire Insurance Company to inspect and appraise the damaged property before its repair or disposal.

63.     The amount of Susan Hiroko Liles' obligation to Melinda Booth Dogra and Jay Dogra has been finally determined by judgment after trial.

64.     Without first attempting to enter into settlement negotiations with those claiming injuries as a result of the August 22, 2008 collision referenced above, on November 25, 2008, Liberty Mutual Fire Insurance Company filed an Interpleader Complaint in the Eighth Judicial District Court for Clark County, Nevada, seeking judicial intervention to distribute the sums available under the insureds' liability policy of insurance.  However, Liberty Mutual Fire Insurance Company failed to deposit the insurance proceeds with the Court prior to the running of the statute of limitations on personal injury claims arising from the August 22, 2008 collision.  Liberty Mutual Fire Insurance Company further failed to attempt to enter into settlement negotiations before or after the filing of the Interpleader and before the running of the statute of limitations.

65.     Prior to the running of the statute of limitations for personal injury claims as a result of the August 22, 2008 automobile collision, Liberty Mutual Fire Insurance Company were on notice that Melinda Booth Dogra and Jay Dogra would not accept the insureds' policy limits in settlement if they were required to institute litigation for the damages they sustained as a result of the August 22, 2008 collision.  At the time this information was relayed, Liberty Mutual Fire Insurance Company knew the potential claims against its insured were clearly in excess of policy limits.  Despite having the opportunity to settle within the policy limits, Liberty Mutual Fire

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Insurance Company failed to deposit the insurance proceeds with the Court prior to the running of the statute of limitations on personal injury claims arising from the August 22, 2008 collision. Given the sums had not been deposited prior to the running of the statute of limitations and/or settled with the claimants directly, the claimants filed several lawsuits against the insureds seeking compensation for damages sustained in the August 22, 2008 collision.

66.     Liberty Mutual Fire Insurance Company hired the same counsel, Barron & Pruitt, LLP, to represent its insureds in the lawsuits asserted as a result of the August 22, 2008 collision as it did to represent itself in the Interpleader Complaint referenced above.

67.     The claims of Melinda Booth Dogra and Jay Dogra proceeded to a jury trial and resulted in judgment being entered against Susan Hiroko Liles and in favor of Jay Dogra in the amount of $42,840.75 and judgment being entered against Susan Hiroko Liles and in favor of Melinda Booth Dogra in the amount of $2,945,604.48.  Liberty Mutual Fire Insurance Company failed to post bond on the appeal of these judgments, thus exposing its insured to execution of the judgments.

68.     Although Susan Hiroko Liles fulfilled her obligations under the contract, Defendant Liberty Mutual Fire Insurance Company materially breached the contract by:

A.  Unreasonably delaying payment of damages for 'bodily injury' for which Susan Hiroko Liles became legally responsible because of an auto accident;

B.  Failing to provide an unbiased defense against claims and suits asserted against Susan Hiroko Liles asking for these damages;

C.  Failing to pay premiums on appeal bonds; and/or,

D.  Failing to pay the limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury arising out of 'bodily injury' sustained Melinda Booth

Dogra when Susan Hiroko Liles' liability was reasonably clear and Liberty Mutual Fire Insurance Company was given the opportunity to settle for such amount.

69.     As a result of the above-referenced breaches of contract, Susan Hiroko Liles suffered contract damages.  Such damages have been assigned to Melinda Booth Dogra and the value of such will be proven at the time of trial.

70.     As a further result of the above-referenced breaches of contract, it has been necessary for Melinda Booth Dogra and Jay Dogra to retain a lawyer to pursue Susan Hiroko Liles' right to sue Liberty Mutual Fire Insurance Company for its breaches of its contractual obligations.

## SECOND CAUSE OF ACTION
(Breach of Duty of Good Faith and Fair Dealing and Fiduciary-Like Duties)

71.     Plaintiffs incorporate paragraphs 1 - 70 of this Complaint as though fully set forth herein.

72.     The contract of insurance between Susan Hiroko Liles and Liberty Mutual Fire Insurance Company imposed upon Liberty Mutual Fire Insurance Company a duty of good faith and fair dealing.

73.     Liberty Mutual Fire Insurance Company's duties of good faith and fair dealing under the insurance policy included, but were not limited to, the duty to:

A.  Promptly, fairly, and thoroughly investigate claims made against its insureds for damages caused while driving;

B.  Promptly pay claims up to policy limits when liability became reasonably clear for damages caused while driving;

C.  Properly defend its insureds from claims made for damages caused while driving;

D.  Preserve evidence within its control that had the potential to exonerate its insureds on the issue of liability;

E.  Inform its insureds of all settlement offers;

F.  Provide unbiased representation for its insureds;

G.  Give equal consideration to its insureds interests as to its own.

74.     Liberty Mutual Fire Insurance Company's breached its duties of good faith and fair dealing under the insurance policy in numerous ways, including, but were not limited to:

A.  Failing to promptly, fairly, and thoroughly investigate claims made against its insureds for damages caused while driving by:

    1.  Failing to obtain and/or consider the claimants' full medical bills and/or medical records.

    2.  Proposing a distribution of the insurance proceeds in its Motion for Summary Judgment and Distribution of Funds based on incomplete information and in amounts in violation of the policy provisions.

    3.  Failing to enter into any settlement negotiations with the claimants prior to filing the Interpleader action.

    4.  Failing to enter into any settlement negotiations with the claimants after filing the Interpleader action and before the running of the statute of limitations.

B.  Failing to promptly pay claims up to policy limits when liability became reasonably clear for damages caused while driving by:

    1.  Failing to deposit the insureds' policy proceeds with the Court in the Interpleader action prior to the running of the statute of limitations.

    2.  Failing to otherwise effect a settlement with any of the claimants to the insureds' liability policy at any time prior to the running of the statute of limitations.

C.  Failing to provide an effective and/or competent defense of its insureds from claims made for damages caused while driving by:

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

1. Allowing its counsel to file a Motion for Summary Judgment and Distribution of Funds that did not comport with the plain language of the insurance policy;

2. Failing to enter into any settlement negotiations or to effectuate a settlement prior to the running of the statute of limitations when settlement was easily attainable.

3. Employing defense counsel who caused a mistrial, thus requiring Susan Hiroko Liles to attend two trials;

4. Failing, during the discovery phase, to properly conduct and/or respond to discovery thus resulting in the court granting of Melinda Booth Dogra and Jay Dogra's Motion for Summary Judgment on liability.

D. Failing to preserve evidence within its control that had the potential to exonerate its insureds on the issue of liability by allowing the insured vehicle to be disposed of, destroyed, or otherwise transferred out of its possession when it had the potential to exonerate its insured from liability.

E. Failing to inform its insureds of all settlement offers.

F. Failing to provide unbiased representation for its insureds by hiring the same counsel to represent its insureds in the third party claims as it did to represent itself in the Interpleader action.

G. Failing to give equal consideration to its insureds' interests as to its own by:

1. Seeking to be absolved from liability by filing an Interpleader action without naming its own insureds as Defendants;

2. Failing to attempt to settle the claims prior to litigation and instead attempting to Interplead the liability insurance funds;

3.  Failing to file a cost bond on appeal.

75.  As her automobile liability insurer, Liberty Mutual Fire Insurance Company also had a fiduciary-like relationship with Susan Hiroko Liles.  This fiduciary duty included the duty to promptly, swiftly, and reasonably investigate and evaluate the claims made against her.

76.  Based on the acts and/or omissions of Liberty Mutual during the investigation, processing, and defense of the claims asserted against Susan Hiroko Liles as a result of the August 22, 2008 automobile collision, Liberty Mutual Fire Insurance Company breached its fiduciary-like duty to Susan Hiroko Liles, including, but not limited to:

  i.  Putting its own interests ahead of its insured, Susan Hiroko Liles, by failing to properly investigate the claims made against her;

  ii.  Failing to attempt to obtain settlement within the policy limits available;

  iii.  Hiring the same lawyers to defend Ms. Liles as they did to prosecute an Interpleader action against the claimants.

77.  Instead, Liberty Mutual Fire Insurance Company filed an Interpleader action in an attempt to absolve the insurance company from its obligations to protect the interests of its insured, Susan Hiroko Liles.

78.  As a result of Liberty Mutual Fire Insurance Company's breaches of its duty of good faith and fair dealing and breaches of its fiduciary-like duty, a judgment was entered against Susan Hiroko Liles and in favor of Melinda Booth Dogra in the amount of $2,945,604.48 and a judgment was entered against Susan Hiroko Liles  and in favor of Jay Dogra in the amount of $42,840.75 plus post-judgment interest.  Susan Hiroko Liles has assigned her right to sue Liberty Mutual Fire Insurance Company to Melinda Booth Dogra and Jay Dogra.

79.  As a further result of the above-referenced breaches of its duty of good faith and fair dealing and breaches of fiduciary duty, it has been necessary for Melinda Booth Dogra and Jay

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

Dogra to retain a lawyer to pursue Susan Hiroko Liles' right to sue Liberty Mutual Fire Insurance Company.

80.     As a result of the above-referenced breaches of Liberty Mutual Fire Insurance Company's duties, it has been necessary for Melinda Booth Dogra and Jay Dogra to retain a lawyer to pursue Susan Hiroko Liles' right to sue Liberty Mutual Fire Insurance Company.

## THIRD CAUSE OF ACTION
### (Breach of the Unfair Claims Practices Act)

81.     Plaintiffs repeat and reallege paragraphs 1 through 81 of this Complaint as though fully set forth herein.

82.     Pursuant to NRS 686A.310, Liberty Mutual Fire Insurance Company had a statutory duty to engage in fair practices in the settling of claims.

83.     Liberty Mutual Fire Insurance Company breached these duties in numerous ways, including, but not limited to:

a) Misrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue, in several ways, including, but not limited to:

i. By failing to advise that Liberty Mutual Fire Insurance Company had the ability to pay the appeal bond to avoid execution of the judgments against Susan Hiroko Liles;

ii. By failing to advise the insureds that their insurance policy with Liberty Mutual Fire Insurance Company required Liberty Mutual Fire Insurance Company to post the appeal bond to avoid the potential execution of the judgment.

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy, in several ways, including, but not limited to:

    i.    By failing to settle the claims asserted against Susan Hiroko Liles when it was possible to do so.

    ii.    By failing to advise the insureds that claimants Melinda Booth Dogra and Jay Dogra were willing to accept the $100,000.00 policy limits prior to the running of the two year statute of limitations.

    iii.    By failing to contact Gerald McDermott, or any subsequent counsel for Melinda Booth Dogra and Jay Dogra, to attempt to settle the claim.

c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy, in several ways, including, but not limited to:

    i.    By filing an Interpleader action rather than conducting a thorough investigation into the claims asserted against Susan Hiroko Liles.

    ii.    By failing to preserve the insureds' vehicle after notice by the insured that a vehicle malfunction was responsible for the collision.

    iii.    By failing to pay the claims promptly;

    iv.    By failing to deposit the funds in the Interpleader action.

d) Failing to effectuate prompt, fair and equitable settlements of claims in which the liability of the insurer has become reasonably clear, in several ways, including, but not limited to:

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

i.   By failing to promptly offer policy limits to and/or negotiate a policy limit settlment with the Dogras, and instead filing an Interpleader action, thus exposing Susan Hiroko Liles to an excess judgment;

ii.  By proposing a distribution of the policy limits that was not in conformance with the policy during the Interpleader action.

84.   As a result of Liberty Mutual Fire Insurance Company's breaches of the Unfair Claims Practices Act a judgment was entered against Susan Hiroko Liles and in favor of Melinda Booth Dogra in the amount of $2,945,604.48 and a judgment was entered against Susan Hiroko Liles  and in favor of Jay Dogra in the amount of $42,840.75 plus post-judgment interest.  Susan Hiroko Liles has assigned her right to sue Liberty Mutual Fire Insurance Company for its breaches of the Unfair Claims Practices Act.

85.   As a further result of the above-referenced breaches of the Unfair Claims Practices Act, it has been necessary for Melinda Booth Dogra to retain a lawyer to pursue Susan Hiroko Liles' right to sue Liberty Mutual Fire Insurance Company for its breaches of the Unfair Claims Practices Act.

## FOURTH CAUSE OF ACTION
(Punitive Damages)

86.   Plaintiffs incorporates paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87.   The conduct of Defendant  has been in such wanton and total disregard of its contractual, common law and statutory obligations to its insureds, and constitutes such a gross, reckless, fraudulent, willful, malicious, and/or outrageous disregard for the consequences of its actions and/or omissions, as well as a manifest indifference to its insureds' welfare so as to justify an assessment of exemplary and punitive damages in an amount in excess of Ten Thousand Dollars

1  ($10,000.00).  Such claims have been assigned to Plaintiffs by Defendant's insured, Susan Hiroko

2  Liles.

3  **<u>DEMAND</u>**

4  **WHEREFORE** Plaintiffs pray for Judgment against Defendant for their First Cause of

5  Action as follows:

6  1.  For contract damages in an amount to be proven at trial;

7

8  2.  For attorney's fees and court costs in an amount to be proven at or after trial; and,

9  3.  For other such further relief this Court may deem just and proper.

10  **WHEREFORE** Plaintiffs further pray for Judgment against Defendant for their Second and

11  Third Causes of Action as follows:

12  1.  For special damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

13

14  2.  For general damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

15  3.  For attorney's fees and court costs in an amount to be proven at or after trial; and,

16  4.  For other such further relief this Court may deem just and proper.

17  **WHEREFORE** Plaintiffs further prays for Judgment against Defendant for their Fourth

18  Cause of Action as follows:

19  1.  For exemplary and punitive damages in an amount in excess of Ten Thousand Dollars

20  ($10,000.00);

21  2.  For attorney's fees and court costs in an amount to be proven at or after trial; and,

22

23  3.  For other such further relief this Court may deem just and proper.

24  // // //

25

26  // // //

27

28

Law Office of
William R. Brenske
630 South Third Street
Las Vegas, Nevada 89101
(702) 385-3300 · Fax (702) 385-3823

## DEMAND FOR JURY TRIAL

Plaintiffs herein demand a trial by jury on all issues so triable.

Respectfully submitted this 3d day of November, 2014.

LAW OFFICE OF WILLIAM R. BRENSKE

**WILLIAM R. BRENSKE, ESQ.**
Nevada Bar No. 1806
630 South Third Street
Las Vegas, NV 89101
*Attorney for Plaintiffs:*
*Melinda Booth Dogra and Jay Dogra*