UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA BOOTH DOGRA, et al., | Case No.: 2:14-cv-01841-GMN-GWF |
| Plaintiffs, | |
| vs. | **ORDER** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | **Motion to Compel (#14)** |
| Defendant. | |

      This matter is before the Court on Plaintiff's Motion to Compel (#14), filed on July 17, 2015. Defendant filed its Opposition (#18) on August 3, 2015, and Plaintiffs filed their Reply (#19) on August 17, 2015. The Court conducted a hearing in this matter on August 24, 2015 during which it ruled from the bench regarding most of the issues raised in the motion. The Court took under advisement Plaintiffs' motion to compel Defendant to produce documents relating to reserves it set on the underlying bodily injury claims. The Court now issues its decision on that issue.

## **BACKGROUND AND DISCUSSION**

      Plaintiff Melinda Booth Dogra allegedly suffered serious bodily injuries in an automobile accident that was caused by the negligence of Liberty Mutual's insured, Susan Liles. The insurance policy issued by Liberty Mutual provided bodily injury liability limits of $100,000 per person/ $300,000 per accident. Two other individuals were injured in the accident and all three individuals asserted claims against Ms. Liles. Liberty Mutual subsequently filed an interpleader action to deposit the $300,000 policy limits into court and have them allocated among the claimants. According to Plaintiffs, Liberty Mutual filed a motion for summary judgment in the interpleader

action in which it proposed that claimant Jessica Flores, who was allegedly far less injured than Ms. Dogra, receive more than $100,000 of the policy proceeds in settlement of her claim. Liberty Mutual allegedly proposed that Ms. Dogra be paid less than $100,000. Ms. Dogra rejected Liberty Mutual's offer or proposal, proceeded to trial against Ms. Liles, and recovered a judgment against her of nearly $3 million. Susan Liles subsequent assigned her "bad faith" claim against Liberty Mutual to Ms. Dogra who is pursuing that claim against Liberty Mutual.

Plaintiffs argue that the reserves that Liberty Mutual set on the underlying claims are relevant to the bad faith claim. Plaintiffs assert that if Liberty Mutual had offered Ms. Dogra $100,000 to settle her claim against Ms. Liles, she would have accepted that offer. Plaintiffs further assert that the reserves set by Liberty Mutual on the claims may shed light on its reasons, or lack thereof, for evaluating Ms. Dogra's claim at a value less than Ms. Flores' claim. Liberty Mutual argues that reserve information is generally considered irrelevant and not discoverable.

Rule 26(b) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed.R.Evid. 401. "Relevance to the subject matter of the litigation has been broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Nguyen v. Las Vegas Metro. Police Dept.*, 2013 WL 5705352, \*2 (D.Nev. 2013), quoting Oppenheimer *Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Court decisions in this district and elsewhere are divided on whether reserves set by an insurer on a claim are relevant and discoverable. The difference of opinion is stated in *Keefer v. Erie Insurance Exchange*, 2014 WL 91123, \*3 (M.D.Pa. 2014) as follows:

> Defendant urges the court to prevent discovery of reserve information, arguing that such information is not discoverable in a bad faith claim. "An insurance reserve is a pool of funds allocated to satisfy obligations that may arise under a claim." *Peco Energy Co. v. Insurance Co. of N. Am.,* 852 A.2d 1230, 1232 n. 3 (Pa.Super.Ct. 2004). Pennsylvania law "requires insurance companies to set aside

reserves upon notice of potential losses under their policies." *Fidelity & Deposit Co. of Md. v. McColloch,* 168 F.R.D. 516, 525 (E.D.Pa. 1996) (citing 40 P.S. § 71). There is competing treatment of whether reserve information is discoverable in a bad faith lawsuit. Some courts have determined that information related to reserve values is not discoverable. *See, e .g., Kaufman v. Nationwide Mut. Ins. Co.,* Civ. No. 97–cv–1114, 1997 WL 703175, *1 (E.D.Pa.1997) ("[P]rocedure for setting reserves ... is confidential information which a court should not order to be disclosed unless the relevance of the information is clear and disclosure is necessary."). Other courts, however, have found that "reserves, of course, must have some relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting aside of reserves would serve little, if any purpose." *North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.,* 872 F.Supp. 1411, 1412 (E.D.Pa. 1995). Thus, the amount set aside for reserves "is certainly germane to any analysis [the defendant-insurer] made of" the claim's value and is relevant to the determination of whether the defendant-insurer acted in bad faith in processing the claim. *Id.*

Although the court appreciates the basis of Defendant's resistance, it nevertheless agrees with Plaintiff that the amount of reserve, if any, assigned to Plaintiff's UIM claim should be produced. Since Plaintiff claims that Defendant acted in bad faith during its investigation of Plaintiff's claim, a comparison between the reserve value of the claim and Defendant's actions in processing Plaintiff's claim could shed light on Defendant's liability under the bad faith statute. The reserve amount is, therefore, relevant or could potentially lead to relevant information, and the court will order disclosure of such information.

In *Paul Johnson Drywall, Inc. v. The Phoenix Ins. Co.*, 2014 WL 1764126, *2 (D.Ariz. 2014), the court stated that central to the relevance of reserve information is the method of calculation. If the insurer can show that its calculation of reserves did not include analysis of the factual or legal merits of the insured's specific claim, but was instead based on automatic factors, then the reserve information has little or no relevance and need not be disclosed. If the calculation of the reserve involves an evaluation based on a thorough factual consideration, however, the reserve information is relevant and discoverable.

In *Olin v. Continental Cas. Co.*, 2011 WL 3847140, *4 (D.Nev. 2011), the court also held that reserve information was discoverable on the grounds that "[r]eserves 'must have some relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting aside of reserves would serve little, if any purpose.' *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 644 (D.Kan. 2007) (*quoting North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F.Supp. 1411, 1412 (E.D.Pa. 1995))." Liberty Mutual cites two other decisions from this

district which hold that reserve information is irrelevant and not discoverable. *See The Phoenix Ins. Co. v. Your Vitamins, Inc.*, 2013 WL 459226, *3 (D.Nev. 2013) and *Residential Constructors, LLC v. ACE Prop. and Cas. Ins. Co.*, 2006 WL 3149362, *16 (D.Nev. 2006). Neither decision (one of which was decided by the undersigned) provides any analysis or cites any legal authority for the conclusion that reserve information is irrelevant. The Court therefore finds that these cases have little persuasive value. Liberty Mutual also argued at the hearing that reserve information should not be discoverable with respect to a third party insurance claim, regardless of whether it is discoverable in a first party insurance claim. The Court, however, does not see the basis for such a distinction. The real issue is whether reserves set by an insurer have any relationship to its estimation of the value of the claim.

Given the broad scope of relevancy for purposes of discovery, this Court will follow those courts which hold that reserve information is relevant and discoverable. This does not mean, however, that reserve information will necessarily be admissible at trial. The insurer may be able to show that the reserves had no actual relationship to its determination of actual claim value and therefore should not be admitted into evidence. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#14) is **granted** with respect to her request for production of documents relating to the reserves set by Liberty Mutual on the underlying bodily injury claims.

DATED this 25th day of August 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge